UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Palangio, | |
|    Plaintiff, | |
| v. | |
| Reading Electric Renewables, LLC d/b/a RER Energy Group, | Case No. _____ |
| And | |
| Sunvestment Energy Group | JURY TRIAL DEMANDED |
|    Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, Thomas Palangio (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Reading Electric Renewables, LLC d/b/a/ RER Energy Group ("Defendant RER") and Sunvestment Energy Group ("Defendant Sunvestment") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*), and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. §§ 951 *et seq*.)

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Plaintiff has properly exhausted his administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.").

7. Plaintiff's Charge of Discrimination was dual-filed with the Pennsylvania Human Relations Commission. Plaintiff has exhausted his administrative remedies with respect to his PHRA claims.

## **PARTIES**

8. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

9. Plaintiff is an adult individual with a primary residence located at 1014 Frederick Blvd., Reading, PA 19605.

10.     Defendant RER is a business corporation with regular places of business located at 90 Water Street , Reading, PA 19605 and 4700 Pottsville Pike, Reading, PA 19605.

11.     Defendant Sunvestment is a business corporation with a regular place of business located at 216 Hoffman Road, Tully, NY 13159.[1]

12.     At all times relevant herein, Plaintiff was a joint employee of Defendant RER and Defendant Sunvestment.

13.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

14.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

15.     Plaintiff began working for Defendant as Director of Sales and Marketing on about October 28, 2013.

16.     At all times relevant herein, Plaintiff excelled in his position with Defendant, as evidenced by the fact that he: 1) obtained in excess of half of a million dollars in grants; 2) built, designed and managed the development of the Sunvestment Energy website Group; 3) developed sales and marketing literature to develop brand awareness; 4) managed outside contractors; and 5) wrote sales proposals that resulted in letter(s) of intent, purchase orders and grants.

17.     In or around early August of 2014, Plaintiff was diagnosed with a serious health condition, namely a serious diabetic relapse. As a result of this, Plaintiff became visibly ill.

18.     On about August 11, 2014, Plaintiff advised Defendant's management-level employee, James Kurtz ("Mr. Kurtz") of his serious health condition.

---

[1] Unless stated otherwise, Defendant RER and Defendant Sunvesment shall hereinafter be referred to collectively as "Defendant" or "Defendant."

19. On about August 11, 2014, Plaintiff gave Mr. Kurtz a note from his treating physician wherein it was stated that Plaintiff would be out of work until he saw a specialist on August 12, 2014. That same day, at around 4:00 p.m., Mr. Kurtz called Plaintiff and stated that he needed Plaintiff to participate in a conference call. When Plaintiff advised Mr. Kurtz that he could not do so because of a doctor's appointment to treat his serious health condition, Mr. Kurtz became enraged, and began screaming at Plaintiff and threatening his job.

20. On about August 13, 2014, Plaintiff provided Mr. Kurtz with an additional note from his treating physician wherein it was stated that Plaintiff would be able to return to work as soon as his diabetes was under control (which was expected to in the very near future). In so doing, Plaintiff requested a reasonable accommodation in the nature of a brief medical leave of absence.

21. Plaintiff was out of work from August 11 until August 25, 2014. However, he continued to periodically work from home.

22. During Plaintiff's brief medical leave of absence, Mr. Kurtz repeatedly verbally harassed Plaintiff for being ill and missing work.

23. In addition to verbally harassing Plaintiff, Mr. Kurtz changed Plaintiff's company passwords, thereby rendering him unable to work from home.

24. On or about August 26, 2014, Plaintiff was medically cleared to return to work.

25. Plaintiff attempted to return to work on August 26, 2014, and in so doing, provided Mr. Kurtz with a note from his treating physician showing that he was cleared to work without any restrictions.

26. Mr. Kurtz refused to accept Plaintiff's medical clearance, and instead immediately terminated him from employment.

27. Plaintiff believes, and therefore avers, that has terminated: 1) because of his actual disability; 2) because Defendant regarded him as disabled; and 3) in retaliation for requesting reasonable accommodations.

### Count I
### Violations of the ADA
**(Discrimination, Failure to Accommodate and Retaliation)**

28. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

29. Defendant is an employer with the meaning of the ADA.

30. As described above, at all relevant times, Plaintiff suffered from an actual disability.

31. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

32. Plaintiff requested accommodations arising out of his disability.

33. Defendant failed to accommodate Plaintiff insofar as Defendant terminated him from employment for taking a brief medical leave of absence (a reasonable accommodation).

34. Defendant retaliated against Plaintiff insofar as Defendant terminated Plaintiff from employment within an extremely close temporal proximity of his return to work from a medical leave of absence.

35. The timing and circumstances surrounding Defendant's termination of Plaintiff show that Defendant discriminated against Plaintiff on the basis of his disability because: 1) Plaintiff was verbally harassed and threatened with termination during his medical leave of absence; and 2) Plaintiff was terminated the same day he attempted to return to work from his medical leave of absence.

36. Defendant's actions constitute violations of the ADA.

**Count II**
**Violations of the PHRA**
**(Disability Discrimination, Failure to Accommodate and Retaliation)**

37. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

38. Plaintiff re-asserts and re-alleges each and every allegation set forth in Count I of this Complaint, as said actions also constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esquire
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# EXHIBIT A

EEOC Form 161-B (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Thomas J. Palangio**<br>**1014 Frederick Blvd.**<br>**Reading, PA 19605** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2015-60676 | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     May 18, 2018

Enclosures(s)     **Jamie R. Williamson,**<br>**District Director**     *(Date Mailed)*

cc:
**READING ELECTRIC RENEWABLES, LLC**

**Deirdre Kamber Todd, Esq.**
**The Kamber Law Group**
**1275 Glenlivet Drive, Suite 10**
**Allentown, PA 18106**

**John S. Harrison, Esq.**
**Broughal & DeVeto, LLP**
**38 W Market Street**
**Bethlehem, PA 18018**